# **EXHIBIT D**

FORM 10

| United States Bankruptcy Court<br>For the Southern District of New York | **PROOF OF CLAIM** | Claim # 2404<br>USBC SDNY<br>Calpine Corporation<br>05-60200 |
|---|---|---|

| In re (Name of Debtor)<br>Calpine Corporation | Case Number<br>05-60200 (BRL) |
|---|---|

NOTE: This form should not be used to make a claim for an administrative Expense arising after commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Wilmington Trust Company, as Indenture Trustee,
for the Holders of the
7.75% Contingent Convertible Notes Due 2015

Name and Address Where Notices Should be Sent:
Wilmington Trust Company
Rodney Square North
1100 North Market Street
Wilmington, DE 19890
Attn: Paul D. Kopp, Assistant Vice President
Telephone No. (302) 636-6059

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy or statement giving particulars.
☐ Check box if you never received any notices from the bankruptcy court in this case.
☐ Check box if this address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
7.75% Contingent Convertible Notes Due 2015 issued by Calpine Corporation

Check here if this claim  ☐ replaces   ☐ amends previously filed claim
                          ☐ check here    dated _____
                          if this claim is   the result of a transfer

Received
JUL 28 2006
Kurtzman Carson

**1. BASIS FOR CLAIM**
☐ Goods sold
☐ Services performed
☒ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wage, salaries, and commissions (Fill our below)
Your social security number _____
Unpaid compensation for services performed
from _____ to _____
    (date)        (date)

**2. DATE DEBT WAS INCURRED:**
June 23, 2005

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES THAT BEST DESCRIBE YOUR CLAIM AND STATE THE AMOUNT OF THE CLAIM AT THE TIME CASE FILED..

☐ SECURED CLAIM $_____
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)

Amount of arrearage and other charges included in secured claim above.
If any $_____

☒ UNSECURED NONPRIORITY CLAIM $652,658,680.56*
* See Addendum for additional unliquidated amounts
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $2000, earned not more than 90 days before filing of the bankruptcy petition or cessation of the other debtor's business, whichever is earlier) - 11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)
☐ Up to $900 of deposits toward purchase, lease, or rental or property or services for personal, family or household use - 11 U.S.C. § 507(a)(6)
☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(6)
☐ Other - 11 U.S.C. §§ 507(a)(2), (a)(5) – (Describe briefly)

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED.**
$652,658,680.56 (Unsecured)   $_____ (Secured)   $_____ (Priority)   $652,658,680.56* (Total)

☐ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges

THIS SPACE IS FOR COURT USE ONLY

**6. CREDITS AND SETOFFS:** The amount of all payments on his claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts claimant owes to debtor.

**7. SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests, if the documents are not available explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-address envelope and copy of this proof of claim.

Date: 7/18/06
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)
WILMINGTON TRUST COMPANY, as Indenture Trustee
BY: Sandra R. Ortiz

Penalty for Presenting Fraudulent Claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

16041092.1


0560200060719000000000018

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:

CALPINE CORPORATION,

Debtor

Chapter 11
Case No.: 05-60200 (BRL)

### ADDENDUM TO PROOF OF CLAIM
### BY
### WILMINGTON TRUST COMPANY
### AS INDENTURE TRUSTEE
### FOR
### THE 7.75% CONTINGENT CONVERTIBLE NOTES DUE 2015
### ISSUED BY CALPINE CORPORATION,
### FOR AND ON BEHALF OF HOLDERS THEREOF

This Addendum is submitted with and incorporated in the Proof of Claim filed in this case by Wilmington Trust Company as indenture trustee (together with its successors and assigns, the "Indenture Trustee") under the indenture described below. As used in this Proof of Claim, the term "Code" refers to Title 11 of the United States Code entitled "Bankruptcy."

CREDITOR:

Wilmington Trust Company is a Delaware banking corporation, with an office at Rodney Square North, 1100 North Market Street, Wilmington, Delaware 19890. The signatory of the Proof of Claim, Sandra R. Ortiz is an Assistant Vice President of Wilmington Trust Company and is authorized to make this Proof of Claim.

The Indenture Trustee is duly appointed and serving as indenture trustee under that certain Indenture, dated as of August 10, 2000, by and between Calpine Corporation, a Delaware corporation (the "Debtor") and the Indenture Trustee, as supplemented by (a) a certain First Supplemental Indenture, dated as of September 28, 2000, by and between Debtor and the Indenture Trustee, (b) a certain Second Supplemental Indenture, dated as of September 30, 2004, by and between Debtor and the Indenture Trustee and (c) a certain Third Supplemental Indenture, dated as of June 23, 2005, by and between Debtor and the Indenture Trustee (said Indenture, as so supplemented, is hereinafter referred to as the "Indenture"), pursuant to which, among other things, the Debtor issued certain 7.75% Contingent Convertible Notes Due 2015 (the "Notes") in the original aggregate principal amount of Six Hundred Fifty Million and 00/100 Dollars ($650,000,000.00).

The Indenture Trustee hereby makes, and is authorized pursuant to the Indenture to make, this Proof of Claim. The Indenture Trustee is aware that one or more holders of the Notes (the "Holders") may file proofs of claim on their own behalf with respect to the Notes held by such Holders.

BOS10041552.1

- 1 -

## AMOUNT AND CLASSIFICATION OF CLAIM:

The claims asserted herein are in the following liquidated and unliquidated amounts:

I. <u>Liquidated Claims of Holders as of Petition Date.</u> On December 20, 2005 (the "Petition Date"), the Debtor was and is now indebted and liable to the Holders and to the Indenture Trustee under the Indenture for the benefit of the Holders, all pursuant to the provisions of the Indenture and the Notes, in certain liquidated amounts described as follows:

A. <u>Unpaid Principal (LIQUIDATED)</u>. The aggregate outstanding principal balance of the Notes in the liquidated amount of Six Hundred Fifty Million and 00/100 Dollars ($650,000,000.00);

B. <u>Unpaid Interest Due as of Petition Date (LIQUIDATED)</u>. The amount of interest accrued and unpaid on the Notes from the last date for which an interest payment was made (i.e. November 30, 2005) to the Petition Date in the liquidated amount of Two Million Six Hundred Fifty-Eight Thousand Six Hundred Eighty and 56/100 Dollars ($2,658,680.56);

for a total liquidated claim as of the Petition Date of Six Hundred Fifty-Two Million Six Hundred Fifty-Eight Thousand Six Hundred Eighty and 56/100 Dollars ($652,658,680.56).

II. <u>Unliquidated Claims of Holders</u>. In addition to the foregoing liquidated amounts, the Debtor was, at the Petition Date, and is now indebted and liable to the Holders and to the Indenture Trustee under the Indenture for the benefit of the Holders, all pursuant to the provisions of the Notes and the Indenture in certain unliquidated amounts described as follows:

A. <u>Interest (UNLIQUIDATED)</u>. The amount of interest accruing on the Notes from the Petition Date to the date of payment of the Notes, at the rates and in the manner set forth in the Notes and in the Indenture;

B. <u>Other Interest (UNLIQUIDATED)</u>. The amount of interest accruing on past-due installments of interest on the Notes from and after the Petition Date to the date of payment of such installments, at the rates and in the manner set forth in the Notes and in the Indenture; and

C. <u>Other Charges (UNLIQUIDATED)</u>. All other interest, charges, penalties, premiums, and advances which may be due or become due under the Notes and the Indenture, including, without limitation, reasonable compensation, expenses, disbursements and advances (including, without limitation, reasonable fees and disbursement of counsel) of the Indenture Trustee and (if applicable) of the Holders.

## SUPPORTING DOCUMENTS:

The claims hereby made are all founded on the terms of the Notes (the originals of which are in the possession of the Holders) and the terms of the Indenture. A true and correct copy of

the Indenture (which includes the form of the Notes) has been attached as **Exhibit A** to the original of this Addendum to this Proof of Claim. Because the Indenture is voluminous, copies of the Indenture have not been provided to all parties receiving this Proof of Claim, but copies of the Indenture are available from the Indenture Trustee upon request and reimbursement to the Indenture Trustee for copying and shipping expense.

## RESERVATION OF RIGHTS AND CLAIMS:

The filing of this Proof of Claim is specifically made without any election of rights and remedies, and the Indenture Trustee hereby reserves all rights and remedies which it may have, in addition to filing of and pursuit of this Proof of Claim, against any other person or entity. Under the terms of the Indenture, the Indenture Trustee may file a proof of claim for the compensation, expenses, disbursements and advances of the Indenture Trustee and its counsel. The Indenture Trustee has incurred such fees and expenses after the Petition Date, all of which have not been paid for by the Debtor. The Indenture Trustee has incurred and will continue to incur additional amounts due under the terms of the Indenture for compensation and expenses as Indenture Trustee, including attorneys' fees and expenses. Payment of those additional amounts to the Indenture Trustee is provided for under the express terms of the Indenture. The Indenture Trustee intends to file a separate proof of claim for such compensation, expenses, disbursements and advances. The Indenture Trustee is entitled, pursuant to applicable provisions of the Indenture, to a senior claim to all recoveries of the Holders in order to pay the compensation, expenses, disbursements and advances of the Indenture Trustee. Any claim that such separate claim of the Indenture Trustee is actually for the benefit of the Holders (in order to prevent diminution of the full claims asserted by the Holders) is hereby reserved.

Nixon Peabody LLP is serving as Counsel to the Indenture Trustee in this matter. Any questions regarding this Proof of Claim may be directed to the signatory hereof or to the following:

> Frank S. Hamblett, Esq.
> (617) 345-1167 (direct)
> Nixon Peabody LLP
> 100 Summer Street
> Boston, MA 02110
> (617) 345-1000
> (617) 345-1300 (telecopier)