# **EXHIBIT E**

DB02:6225395.1

065102.1003

FORM 10

| United States Bankruptcy Court<br>For the Southern District of New York | PROOF OF CLAIM | |
|---|---|---|
| *In re (Name of Debtor)*<br>Calpine Corporation | *Case Number*<br>05-60200 (BRL) | USBC SDNY<br>Claim # 6280<br>Calpine Corporation<br>05-60200 |

NOTE: This form should not be used to make a claim for an administrative Expense arising after commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): <br><br>Manufacturers and Traders Trust Company (successor to the Wilmington Trust Company) as Indenture Trustee, for the Holders of the 7.75% Contingent Convertible Notes Due 2015 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy or statement giving particulars. | Received<br><br>APR 30 2007<br><br>Kurtzman Carson |
|---|---|---|
| Name and Address Where Notices Should be Sent:<br><br>Manufacturers and Traders Trust Company   Ian S. Fredericks, Esq.<br>Corporate Trust Services                                Young Conaway Stargatt & Taylor, LLP<br>Attn: Jacob H. Smith, VP                              The Brandywine Building<br>25 South Charles Street, 16th Floor              1000 West Street, 17th Floor<br>Baltimore, MD 21201                                    Wilmington, DE 19801<br>                                                                     (302) 571-6600 | ☐ Check box if you never received any notices from the bankruptcy court in this case.<br><br>☒ Check box if this address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor:<br><br>7.75% Contingent Convertible Notes Due 2015 issued by Calpine Corporation | Check here if this claim | ☐ replaces<br>☐ amends previously<br>☒ supplements |
|---|---|---|

A previously filed claim dated 7/18/06 (Claim No. 2404)

**1. BASIS FOR CLAIM**

☐ Goods sold                                                              ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Services performed                                                 ☐ Wage, salaries, and commissions (Fill our below)
☒ Money loaned (see original proof of claim)       Your social security number _____
☐ Personal injury/wrongful death                         Unpaid compensation for services performed
☐ Taxes                                                                      from _____ to _____
☒ Other (describe briefly) **(See Attached)**                  (date)              (date)

**2. DATE DEBT WAS INCURRED:**
June 23, 2005

**3. 3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a part of a claim to be in one category and part in another.

CHECK THE APPROPRIATE BOX OR BOXES that BEST DESCRIBE YOUR CLAIM AND STATE THE AMOUNT OF THE CLAIM AT THE TIME CASE FILED.

☐ SECURED CLAIM $_____
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)

Amount of arrearage and other charges included in secured claim above.
If any $_____

☒ UNSECURED NONPRIORITY CLAIM $652,658,680.56*
* See Addendum to original proof of claim and the attached for additional unliquidated amounts
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $2000, earned not more than 90 days before filing of the bankruptcy petition or cessation of the other debtor's business, whichever is earlier) - 11 U S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan - 11 U S.C. § 507(a)(4)
☐ Up to $900 of deposits toward purchase, lease, or rental or property or services for personal, family or household use - 11.U S.C. § 507(a)(6)
☐ Taxes or penalties of governmental units - 11 U S.C. § 507(a)(6)
☐ Other - 11 U S.C. §§ 507(a)(2), (a)(5) – (Describe briefly)

| 5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED. | $652,658,680.56<br>(Unsecured) | $_____<br>(Secured) | $_____<br>(Priority) | $652,658,680.56*<br>(Total) |
|---|---|---|---|---|

☐ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges

6. **CREDITS AND SETOFFS:** The amount of all payments on his claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts claimant owes to debtor.
7. **SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests, if the documents are not available explain. If the documents are voluminous, attach a summary.
8. **TIME-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-address envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date<br>April 18, 2007 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>MANUFACTURERS AND TRADERS TRUST COMPANY, as Indenture Trustee<br>BY: _____<br>Name and Title: Jacob Smith, Vice President | RECEIVED<br>23 2007<br>CLAIMS PROCESSING CENTER<br>USBC, SDNY |
|---|---|---|

*Penalty for Presenting Fraudulent Claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

DB02:5904084.1
DB02:5904084.1


0560200070423000000000023

065102.1003
065102.1003

**Please note that this Supplement to Proof of Claim <u>merely supplements</u> proof of claim number 2404, and <u>is not intended to, and does not, replace</u> proof of claim number 2404.**

**ATTACHMENT TO SUPPLEMENT TO PROOF OF CLAIM (NO. 2404)
OF MANUFACTURERS AND TRADERS TRUST COMPANY, SOLELY AS SUCCESSOR
INDENTURE TRUSTEE WITH RESPECT TO CALPINE CORPORATION'S
7.75% CONTINGENT CONVERTIBLE NOTES DUE 2015**

1.    This Supplement to Proof of Claim is made and filed in connection with that certain Proof of Claim (the "Original Proof of Claim") filed against Calpine Corporation (the "Debtor") in the above referenced chapter 11 case (the "Case"), dated July 18, 2006, by Wilmington Trust Company ("WTC"), not in its individual capacity, but solely as indenture trustee under that certain Indenture, dated as of August 10, 2000, as supplemented by that certain First Supplemental Indenture, dated as of September 28, 2000, that certain Second Supplemental Indenture dated as of September 30, 2004, that certain Third Supplemental Indenture, dated as of June 23, 2005. (The Indenture, First Supplemental Indenture, Second Supplemental Indenture and Third Supplemental Indenture, collectively, the "Indenture"). Prior to the commencement of the Case, the Debtor issued its 7.75% Contingent Convertible Notes due 2015 (the "7.75% Notes"), all as more fully set forth in the Original Proof of Claim.

2.    On July 21, 2006, the Bankruptcy Court approved the Stipulation and Agreed Order by and Among Calpine Corporation, Wilmington Trust Company, HSBC Bank USA, National Association and Manufacturers and Traders Trust Company Authorizing the Substitution of Indenture Trustees (the "Stipulation"), pursuant to which Manufacturers and Traders Trust Company ("M&T") succeeded WTC as the indenture trustee with respect to the 7.75% Notes (M&T in this capacity, the "Indenture Trustee").

ATTACHMENT TO SUPPLEMENT TO PROOF OF CLAIM (NO. 2404)
OF MANUFACTURERS AND TRADERS TRUST COMPANY, SOLELY AS
SUCCESSOR INDENTURE TRUSTEE WITH RESPECT TO CALPINE
CORPORATION'S 7.75% CONTINGENT CONVERTIBLE NOTES DUE 2015
(Case No. 05-60200)

DB02:5901529.2    065102.1003

3.  Paragraph II of the Original Proof of Claim asserts claims in an unliquidated amount for, among other things, "Interest," "Other Interest," and "Other Charges, each as more fully described in the Original Proof of claim.[1]

4.  Paragraph II of the Original Proof of Claim, solely to the extent relating to the Indenture and the 7.75% Notes issued thereunder, is hereby supplemented by amplifying the description of then unliquidated claims included therein with respect to each of the 7.75% Notes so that the Original Proof of Claim provides, in addition to all other claims described therein: (i) the rights provided to the holders of the 7.75% Notes in Article 10 of the Third Supplemental Indenture (the "7.75% Notes Conversion Right"), which 7.75% Notes Conversion Right, upon information and belief, was an integral part of the consideration provided in return for the extension of credit to the Debtor evidenced by the 7.75% Notes, (ii) all damages, including any accrued prior to the commencement of the Case, arising from any breach of the terms of, and covenants set forth in, the Indenture, including the 7.75% Notes Conversion Right, whenever arising, including all damages arising from the loss, whether pursuant to a plan of reorganization for the Debtor or otherwise, of the 7.75% Notes Conversion Right, and (iii) all rights to receive postpetition interest, charges and other amounts due or coming due under the terms of the Indenture on or after the commencement of the Case to the fullest extent chargeable or allowable as against the Debtor or its estate under law or equity.

---

[1] The purpose of the Supplement is to provide more detail regarding the claims asserted in Paragraph II with respect to the 7.75% Notes. All of the claims described herein arise from and relate to the 7.75% Notes, and arise under the Indenture or from a breach thereof, and were subsumed and included within the Original Proof of Claim.

ATTACHMENT TO SUPPLEMENT TO PROOF OF CLAIM (NO. 2404) OF MANUFACTURERS AND TRADERS TRUST COMPANY, SOLELY AS SUCCESSOR INDENTURE TRUSTEE WITH RESPECT TO CALPINE CORPORATION'S 7.75% CONTINGENT CONVERTIBLE NOTES DUE 2015 (Case No. 05-60200)

5.  Nothing in this Supplement is intended to, nor should it be construed to, narrow the scope of or impair the Original Proof of Claim, which remains in full force and effect. The portions of the Original Proof of Claim relating to the Indenture and the 7.75% Notes issued thereunder are hereby incorporated herein by reference.

6.  A copy of the Original Proof of Claim (without exhibits) is attached hereto for convenience as <u>Exhibit A</u>

7.  All notices and communications concerning this Supplement to Proof of Claim and the Original Proof of Claim should be addressed to the Indenture Trustee and its counsel at the addresses provided on the cover of this supplement to Proof of Claim.

Dated: April 18, 2007

Manufacturers and Traders Trust Company
not in its individual capacity, but solely as
Indenture Trustee for the 7.75% Notes

By: _____
Name: Jacob Smith
Title: Vice President

ATTACHMENT TO SUPPLEMENT TO PROOF OF CLAIM (NO. 2404)
OF MANUFACTURERS AND TRADERS TRUST COMPANY, SOLELY AS
SUCCESSOR INDENTURE TRUSTEE WITH RESPECT TO CALPINE
CORPORATION'S 7.75% CONTINGENT CONVERTIBLE NOTES DUE 2015
(Case No. 05-60200)

DB02:5901529.2                                                              065102.1003